The judgment is reversed, and the cause remanded.

---

Ex parte BLUNDELL et al.   (No. 11449.)

Court of Criminal Appeals of Texas.   Nov. 9, 1927.

Contempt ⬅54(4) — Where motion to cite relators for contempt appeared on its face to be without merit, court will not issue notice thereon.

Where motion to cite district attorney, sheriff, and constable for contempt alleged that they removed party, over protest of his attorney, from Caldwell county to Travis county for examination touching his sanity during and pending trial of issue in Caldwell county, but it did not appear removal was in violation of any court order, motion did not state facts showing that parties were in contempt of Court of Criminal Appeals, and, since it appeared on its face to be without merit, court would not issue notice thereon or take further cognizance of it.

Motion to cite Fred Blundell and others for contempt.   Motion denied.

Wm. E. Hawkins, of Breckenridge, and Clarence J. Ginn, of Dallas, for relators.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.  A motion has been filed in this court praying that Fred Blundell, district attorney of the Twenty-Second judicial district of Texas, Walter Ellison, sheriff of Caldwell county, Tex., and Gus England, a constable of said county, be cited to show cause why they should not be held in contempt of this court. The motion alleges that said named parties removed one A. V. Millikin, over the protest of his attorneys, from Caldwell county to Travis county for examination touching his sanity during and pending a trial of that issue before Hon. M. C. Jeffrey, district judge of said district in Caldwell county.

From the facts stated in the motion it does not appear that relators have disobeyed any orders of this court or are in any way in contempt thereof. The motion appearing from its face to be without merit, we decline to issue notice thereon or to take further cognizance of it.

---

LOGAN v. STATE.   (No. 10675.)

Court of Criminal Appeals of Texas.   Nov. 16, 1927.

Appeal from District Court, Franklin County.

For former opinion, see 296 S. W. 315.

On second motion for rehearing.

MORROW, P. J.  The application to file a second motion for rehearing is refused. The affidavit for the search warrant in the present case is not based on belief and undisclosed information, but states the facts upon which the affiants found their belief, which facts were deemed by the magistrate who issued the warrant to be sufficient to show probable cause, and the search warrant issued upon such cause was not invalid.